IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 23-18 |
| | ) |
| CHARRON MIYARES | ) |

**Opinion and Order on Motion for Compassionate
Relief and Motion to Dismiss Indictment**

Presently before the Court are two post-conviction Motions filed by Charron Miyares: a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and a Motion to Dismiss Indictment. ECF No. 64. The government has filed a Response to the Motions. For the reasons explained below, the Motions will be denied.

I.   **Background**

Mr. Miyares was charged in a two-count Indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and possession with intent to distribute a quantity of a mixture and substance containing fentanyl, heroin and fluorofentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On December 21, 2023, Mr. Miyares pleaded guilty to possession of a firearm and ammunition by a convicted felon, pursuant to a written plea agreement. Mr. Miyares was determined to have an offense level of 23 and a criminal history category of II, which equates to a guideline sentencing range of 51 to 63 months' imprisonment. On April 24, 2024, the Court accepted the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) binding agreement, and sentenced Mr. Miyares to the agreed-upon term of imprisonment of 46 months.

**II.     Motion for Compassionate Release**

Mr. Miyares seeks a reduction of his sentence to "time served" pursuant to 18 U.S.C. § 3582(c)(1)(A). The relevant portion of this statue states:

> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Mr. Miyares has not submitted persuasive evidence to show that he has fully exhausted his administrative rights by, at a minimum, filing a request for compassionate release with the Warden where he is housed. As the government explains,

> [Mr. Miyares has submitted] a "request" he purportedly sent to his warden. (Doc. No. 64 at 4-7). This request is virtually identical to the instant motion and is dated June 8, 2024. (Id. at 7). The motion, likewise, is dated June 8, 2024. (Id. at 3). The envelope in which the motion was delivered to the Court is postmarked June 12, 2024. (Doc. No. 64-1). Miyares presents no proof that his warden ever received the request, reviewed, and denied it.

Gov. Resp. at 3 (ECF No. 68). Assuming the request was submitted to the Warden, there is no evidence to show that the Warden denied it, and, because the request was purportedly submitted at or around the same time Mr. Miyares' Motion was filed, the statutory 30-day time-period an inmate must wait before filing their own motion, could not have expired. For these reasons, the

Court concludes that Mr. Miyares has not exhausted his administrative remedies; therefore, the Court lacks jurisdiction over the motion, and the Motion will be denied.

Even if Mr. Miyares had exhausted his administrative remedies, there is no merit to his request for compassionate relief. Mr. Miyares argues that he should have received credit for the time he spent on pretrial release. He therefore argues that the time he spent while under restrictive conditions on pretrial release qualifies as an extraordinary and compelling reason justifying compassionate release.

The Bureau of Prison awards an inmate credit for prior custody only for time served while in "official detention." 18 U.S.C. § 3585(b) ("defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences"). Pretrial release is not considered "official detention." *Reno v. Koray*, 515 U.S. 50, 52 (1995) (defendant on pretrial release was not "entitled to a sentence credit under § 3585(b), during the time he spent at the treatment center"); *Givens v. Thomas*, No. 3:CV-12-874, 2013 WL 3102895, at *4 (M.D. Pa. June 18, 2013) ("criminal defendant released on bail subject to a variety of restrictive conditions is still released and not subject to official detention"); *Newland v. Ryle*, No. CV 1:22-00107, 2024 WL 4454951, at *2 (S.D.W. Va. Aug. 29, 2024), *report and recommendation* adopted, No. CV 1:22-00107, 2024 WL 4453320 (S.D.W. Va. Oct. 9, 2024) (no credit for pretrial release time spent on home incarceration and electronic monitoring, where defendant "was not detained by the Court, surrendered to the custody of the Attorney General, or exposed to BOP control"); and *Paul v. Bragg*, No. EP-10-CV-470-KC, 2011 WL 3298413, at *3 (W.D. Tex. Aug. 1, 2011) ("regardless of how restrictive the conditions applied to a defendant's pre-sentence release on bond, the BOP may properly deny credit for time spent while released on bond, as such time does not constitute time spent in

'official detention' as that term is contemplated under § 3585(b)"). Mr. Miyares' time spent on pretrial release was not time spent in official detention. Therefore, he is not entitled to credit for his time spent on pretrial release, and his Motion would have been denied on the merits, even if he had exhausted his administrative remedies.

### III.     Motion to Dismiss Indictment

Mr. Miyares moves to dismiss the Indictment on the basis that the District Court lacked subject matter jurisdiction, because there was no victim and no actual injury. Mr. Miyares also seems to suggest that the Indictment should be dismissed for the additional reason that, under the Second Amendment, no law was broken.[1]

In Response, the government argues that this Court lacks jurisdiction to consider a Motion to Dismiss filed *after* the case is no longer pending. Gov. Resp, 7 (citing Federal Rule of Criminal Procedure 12(b)(2) ("A motion that the court lacks jurisdiction may be made at any time while the case is *pending*")). Mr. Miyares' case is no longer pending, as he was sentenced on April 11, 2024 and did not appeal within the fourteen day appeal period. Accordingly, this Court lacks jurisdiction to consider the Motion to Dismiss, and it will be denied.

### IV.     Conclusion

Mr. Miyares' Motion for Compassionate Release and Motion to Dismiss Indictment will be denied.

---

[1] Mr. Miyares raises a Second Amendment argument in his Motion seeking relief under 28 U.S.C. § 2255, arguing that trial counsel was ineffective for failing to raise the argument. The Court addresses Mr. Miyares' section 2255 Petition in a separate Opinion.

5

# ORDER

AND NOW, this 12th day of May 2025, it is ORDERED that Charron Miyares' Motions, filed at ECF No. 4, are resolved as follows:

A.  The Motion for Compassionate Release is DENIED for lack of jurisdiction.

B.  The Motion to Dismiss Indictment is DENIED for lack of jurisdiction.

                                                                           s/*Marilyn J. Horan*
                                                                           Marilyn J. Horan
                                                                          United States District Judge

Charron Miyares, pro se
Reg. No. 08647-068
FCI FORT DIX
Federal Correctional Institution
P.O. BOX 2000
JOINT BASE MDL, NJ  08640