IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 23-18 |
| | ) | (Civ. No. 24-928) |
| CHARRON MIYARES | ) | |

**OPINION and ORDER**

Pending before the Court is Petitioner Charron Miyares' Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 64), filed at Criminal No. 23-18 and at Civil Action No. 24-928. The government has filed a Response to the Motion.  ECF No. 70. For the reasons stated herein, the Court will deny Petitioner's Motion.

**I.      Background**

In November 2022, Mr. Miyares was observed by police officers engaging in a suspected drug transaction. Mr. Miyares got into a car and started driving. The police followed him; and, after observing Mr. Miyares engage in traffic violations, conducted a traffic stop. Mr. Miyares told the police he had firearms and drugs in his car. A search warrant for the car was obtained resulting in the recovery of two loaded firearms and a quantity of a controlled substance. Subsequently, Mr. Miyares was charged in a two-count Indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and with possession with intent to distribute a quantity of a mixture and substance containing fentanyl, heroin and fluorofentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

On December 21, 2023, pursuant to a plea agreement, Mr. Miyares pleaded guilty to possession of a firearm and ammunition by a convicted felon, at Count 1. The plea agreement provided, in part, that Mr. Miyares waived certain rights to raise collateral challenges to his

sentence. In particular, Mr. Miyares agreed to waive his right to file a Motion to Vacate Sentence under Title 28, United States Code Section 2255. The agreement, however, permits Mr. Miyares to collaterally raise ineffective assistance of counsel claims.

At sentencing, Mr. Miyares was determined to have an offense level of 23 and a criminal history category of II, which equates to a guideline sentencing range of 51 to 63 months' imprisonment. The parties agreed, however, that the appropriate sentence in this case was a below-guidelines term of imprisonment of 46 months. The parties' agreement to a specific term of imprisonment was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). On April 24, 2024, the Court accepted the binding Rule 11(c)(1)(C) agreement, and sentenced Mr. Miyares to the agreed-upon term of imprisonment of 46 months. Thereafter, Mr. Miyares timely filed the instant motion to vacate.

## II.     Standard of Review

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). As a remedy, the court must "vacate and set the judgment aside and . . . discharge the prisoner or resentence him [or her] or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary

demands of fair procedure." *United States v. Gordon*, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962).

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255, unless the motion, files, and records of the case show conclusively that the movant is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). Thus, if the record conclusively negates the factual predicates asserted in support of a § 2255 motion, or if the movant would not be entitled to relief as a matter of law, even if the factual predicates as alleged in the motion are true, an evidentiary hearing is not required. *See Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985). The Court finds no need for an evidentiary hearing here, as the record conclusively establishes that Petitioner is not entitled to the relief sought in the petition. *See* 28 U.S.C. § 2255.

### III. Discussion

Mr. Miyares argues, in his 2255 Petition, that he was denied effective assistance of counsel under the Sixth Amendment of the Constitution. He alleges that his counsel was ineffective for failing to seek dismissal of Count 1 based upon Mr. Miyares' Second Amendment right to possess firearms. He also alleges his counsel was ineffective for failing to argue that the Court lacked subject matter jurisdiction over the charges, because the offenses were not committed on the high seas, as required by Article I, Section 8 of the Constitution "Felonies/Offenses" clause.

In Response, the government argues that the ineffective assistance of counsel claims are substantive collateral claims attacking his conviction and sentence, which are barred by his plea

3

agreement. Thus, the government argues that the Court should enforce the waiver and dismiss the Motion. Next, the government argues that Mr. Miyares' collateral attacks are procedurally barred because he failed to raise such claims challenging his conviction and sentence on appeal. Finally, the government argues that the claims are subject to dismissal on the merits.

### A. Collateral Rights Waiver

In his plea agreement, Mr. Miyares agreed to the following:

> Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.
>
> Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

Plea Agr. ¶ A.8. The government opposes Mr. Miyares' claims on the ground that his alleged ineffectiveness claims are actually substantive challenges to his conviction and/or sentence, which would be barred by the above waiver. Accordingly, the government argues that the Court should enforce the waiver and dismiss the 2255 petition.

The government cites six cases in support of its argument, none of which present convincing arguments in favor of enforcing Mr. Miyares' general waiver, over the parties' explicit agreement permitting him to file an ineffectiveness claim. All of the cases cited by the government concern agreements that occurred before the Department of Justice's October 2014 policy directive stating that, "Federal prosecutors should no longer seek in plea agreements to have a defendant waive claims of ineffective assistance of counsel whether those claims are

4

made on collateral attack or, when permitted by circuit law, made on direct appeal."[1] Since the DOJ's 2014 policy directive, it has become standard in written plea agreements to permit a defendant to raise collateral ineffectiveness of counsel claims as an exception to the general waiver of the right to file collateral claims.

Five of the six cases cited by the government address a defendant's comprehensive waiver of the right to challenge his conviction and sentence, even for ineffectiveness claims. Ineffectiveness claims, brought pursuant to such comprehensive waivers, are in a significantly different posture than an ineffectiveness claim brought pursuant to an explicit exception to a general waiver of the right to file a collateral claim. Where a defendant has waived the right to bring all collateral claims, an ineffective assistance of counsel claim is presumed to fall within the waiver. Conversely, where a defendant has maintained the right to file an ineffective assistance of counsel claim, an ineffective assistance of counsel claim is presumed valid as an explicit exception to the general waiver. Consequently, the cases cited by the government (that do not address an exception permitting the petitioner to raise ineffectiveness claims), do not support enforcing the waiver in this case against Mr. Miyares.[2]

---

[1] United States Department of Justice, Department Policy on Waivers of Claims of Ineffective Assistance of Counsel (Oct. 14, 2014).

[2] *United States v. McKines-El*, No. 3:CR-99-035, 2005 WL 1215953, at *5 (M.D. Pa. Apr. 26, 2005) (no waiver provision was at issue, as, the case concerned a petitioner's attempt to relitigate a claim, previously raised and considered on direct appeal, by reframing the claim as an ineffectiveness of counsel claim); *United States v. White*, 307 F.3d 336, 338 (5th Cir. 2002) (no exception permitting ineffectiveness claims and Fifth Circuit applied its jurisprudence to determine if claims were permitted despite the waiver); *Osborne v. United States*, No. CRIM.A 107CR00057, 2010 WL 227821, at *4 (W.D. Va. Jan. 19, 2010) (while finding that petitioner's ineffective assistance claims fell within his general waiver, the District Court noted that, "it would be contrary to both reason and fundamental fairness to hold that a defendant's waiver of the right to appeal or collaterally attack a judgment would subject a defendant to later constitutional violations without recourse"): *Crews v. United States*, No. CRIM.A. 2:01CR74, 2006 WL 897219, at *7 (E.D. Va. Apr. 5, 2006) (waiver did not include an exception for ineffectiveness claims, and District Court concluded that petitioner's "detailed attacks on his sentence" demonstrated that he was not raising an ineffectiveness claim but he was challenging his sentence, which were not permitted by his waiver).

The sixth case cited by the government did address an agreement that permitted collateral challenges based "upon grounds of ineffective assistance of counsel or prosecutorial misconduct *not known to [the defendant] at the time he entered his guilty plea.*" *Cardosa v. United States*, No. 7:03CV95-F, 2008 WL 1847119, at *6 (E.D.N.C. Apr. 23, 2008) (emphasis added). In *Cardosa*, the petitioner had previously appealed his conviction to the Fourth Circuit and, after losing in that Court, sought relief before the Supreme Court, which denied his petition for writ of certiorari. *Id.* at *3. The District Court concluded that the petitioner's ineffectiveness claims were "thinly-veiled substantive attacks on his conviction" and that petitioner had "carefully phras[ed] his claims in terms that accuse his lawyer and/or the Government of ineffective assistance or prosecutorial misconduct, respectively, so as to avoid his waiver agreements." Id. at *6.

Here, Mr. Miyares alleges that his counsel was ineffective for failing to seek dismissal of the firearm charge as a violation of his Second Amendment rights and for failing to challenge this Court's jurisdiction over his case. The Court cannot conclude that such claims are thinly veiled attacks on Mr. Miyares' conviction and/or sentence rather than claims actually alleging ineffective assistance of counsel. Given the change in Second Amendment jurisprudence from the Supreme Court and the Third Circuit, it has become routine for defense counsel to challenge a firearm charge, arguing that the charge violates the defendant's Second Amendment rights. No such challenge was filed in this case. As discussed below, the Mr. Miyares' jurisdictional

---

*United States v. Martinez*, No. 09-CR-1022 KMK, 2014 WL 7146846, at *6 (S.D.N.Y. Dec. 12, 2014) (defendant entered into "Sentencing Stipulation" agreeing not file a direct appeal or a section 2255 collateral challenge if he is sentenced at or below the stipulated guidelines, and District Court applied "'exceptions to the presumption of the enforceability of a waiver,'" which it described as a "'very circumscribed area of [the Second Circuit's] jurisprudence.'" *Id.* 2014 WL 7146846, at *6 (quoting *United States v. Gomez–Perez*, 215 F.3d 315, 318 (2d Cir. 2000)).

challenge is frivolous, and it would have been proper for defense counsel to refuse to raise such a challenge. However, Mr. Miyares' claim that his defense counsel failed to file such a challenge, is an ineffectiveness claim. Thus, the general waiver of the right to bring a section 2255 claim in Mr. Miyares' plea agreement will not be enforced.[3]

### B. Applicable Law for Ineffectiveness of Counsel Claims

A "petitioner claiming a deprivation of his or her Sixth Amendment right to effective assistance of counsel must show that: (1) counsel's performance was deficient; and (2) counsel's deficient performance caused the petitioner prejudice." *Ross v. District Attorney of the County of Allegheny*, 672 F.3d 198, 210 (3d Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "To show deficient performance, 'a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. . . . The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Ross*, 672 F.3d at 210 (quoting *Harrington v. Richter*, 562 U.S. 86, 104 (2011)). "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Hinton v. Alabama*, 571 U.S. 273, 274 (2014) (quoting *Strickland*, 466 U.S. at 690). "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected . . . if they are based on professional judgment." *Strickland*, 466 U.S. at 681. "The Supreme Court directs that our 'scrutiny of counsel's performance must be highly deferential' to avoid holding counsel

---

[3] The government's argument that Mr. Miyares' claims are procedurally defaulted depends upon finding that the claims are not ineffectiveness claims but are instead substantive claims. Thus, because the court finds the ineffectiveness claims are not substantive claims, Mr. Miyares' claims are not procedurally defaulted.  n

7

incompetent because of reasonable strategic or tactical judgments which, with the benefit of tactical hindsight, might prove not to have best served his client's interests." *United States v. Loughery*, 908 F.2d 1014, 1018 (D.C.Cir.1990), quoting *Strickland*, 466 U.S. at 689.

With respect to prejudice, a petitioner must "'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Hinton*, 571 U.S. at 275 (quoting *Strickland*, 466 U.S. at 694); *see also Ross*, 672 F.3d at 210 (quoting *Richter*, 131 S.Ct. at 787).

Mr. Miyares' claims of ineffective assistance of counsel are frivolous or meritless. First, there is no merit to Mr. Miyares' frivolous assertion that this Court lacks jurisdiction over him, because the actions underlying the charges against him were not undertaken on the high seas. Had defense counsel raised such a challenge it would have been summarily rejected. "There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999); *Lockhart v. Fretwell*, 506 U.S. 364, 383 (1993) (counsel not ineffective for failing to raise frivolous claims).

As for the failure of counsel to seek dismissal of the § 922(g)(1) charge, based upon Mr. Miyares' Second Amendment rights, as expounded in recent Third Circuit and Supreme Court case law, this claim, while not frivolous, has no merit as presented here. Had defense counsel raised this claim in a pretrial motion, this Court would have found that § 922(g)(1) is constitutional as applied to Mr. Miyares and that § 922(g)(1) is constitutional on its face. Thus, any such Motion would have been denied for the following reasons.

Mr. Miyares' underlying conduct is not protected under the plain text of the Second Amendment. Mr. Miyares was arrested for possessing a stolen firearm and ammunition, and his possession of the stolen firearm was in connection with drug trafficking. Possessing stolen firearm, by itself, is inherently dangerous conduct in light of the fact that the law maintains a legitimate safety interest in ensuring that stolen firearms are not circulating in the community and that persons not permitted to possess firearms do not in fact have such firearms on their person. Mr. Miyares' conduct of unlawfully possessing a stolen firearm and ammunition, when he knew he was prohibited from possessing firearms and ammunition based on his prior offenses, establishes him as a person who is dangerous to the safety of the public and is disruptive to the orderly functioning of society. Under these circumstances, the Second Amendment's plain text does not protect Mr. Miyares' conduct. *United States v. Rahimi*, 602 U.S. 680 (2024); *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022). Therefore, Mr. Miyares' conduct is not presumptively protected by the Constitution. Accordingly, because the conduct was not protected by the plain text of the Second Amendment, any challenge brought by defense counsel would have failed.

Even if Mr. Miyares' conduct were protected by the Second Amendment, his as applied challenge would still fail. The relevant historical analogous firearm regulations disarmed persons deemed to be dangerous, not trusted to obey the law, or who were disruptive, or a threat, to society. The purpose of such historical firearm regulations was to ensure the orderly functioning of society and to protect the public. Mr. Miyares' four prior relevant convictions also indicate dangerousness. *United States v. Dorsey*, 105 F.4th 526, 532 (3d Cir, 2024). Mr. Miyares has one state conviction for Firearms not to be carried without a license, and three federal convictions

involving firearms and drugs (possession of a firearm by a convicted felon, possession with intent to deliver five grams or more of crack cocaine, and carrying a firearm during and in relation to a drug trafficking crime). These convictions demonstrate that Mr. Miyares is a threat to public safety and to the orderly functioning of society. Further, Mr. Miyares present offense conduct, of unlawfully possessing a stolen firearm and ammunition, sufficiently places him in the category of persons who were historically properly disarmed to ensure the orderly functioning of society and to protect the public. Section 922(g)(1), as applied to Mr. Miyares, "is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17. As such, this Court would have found that § 922(g)(1) is constitutional as applied to Mr. Miyares and denied an as applied challenge to the statute.

Finally, had defense counsel raised a facial challenge to the constitutionally of § 922(g)(1), it too would have been denied. "A party asserting a facial challenge 'must establish that no set of circumstances exists under which the Act would be valid.'" *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (*en banc*) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Mr. Miyares is unable to show that § 922(g)(1) is unconstitutional in all circumstances. Initially, the above conclusions as to the as applied challenge, finding that § 922(g)(1) is constitutional as applied to Mr. Miyares, establishes that § 922(g)(1) is not unconstitutional in all cases. Therefore, any facial challenge brought on behalf of Mr. Miyares would have been denied. Accordingly, the Court concludes that defense counsel's performance was not deficient.

### C. Certificate of Appealability

No certificate of appealability should issue in this case. A court should issue a certificate of appealability where a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. 2253(c)(2). A petitioner meets this burden by showing that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that jurists of reason would not find it debatable whether Petitioner states a valid claim of the denial of a constitutional right and jurists of reason would not find it debatable whether we were correct in concluding that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

### IV. Conclusion

Having found no merit to Petitioner's claims of ineffectiveness of counsel, Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 will be denied.

Accordingly, the following order is therefore entered.

### ORDER

AND NOW, this 12th day of May 2025, for the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 64) is DENIED. The court declines to issue a Certificate of Appealability.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

Charron Miyares, pro se
Reg. No. 08647-068
FCI FORT DIX
Federal Correctional Institution
P.O. BOX 2000
JOINT BASE MDL, NJ  08640

Case 2:23-cr-00018-MJH    Document 72    Filed 05/12/25    Page 12 of 12